**SO ORDERED: June 19, 2007.**



_____
**Basil H. Lorch III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ONESTAR LONG DISTANCE, INC., | ) | Case No. 03-72697-BHL-7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ELLIOTT D. LEVIN, in his capacity as | ) | |
| Chapter 7 Trustee for ONESTAR | ) | |
| LONG DISTANCE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 06-57076 |
| | ) | |
| EAGLE CREST BUILDING LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER ON TRUSTEE'S MOTION FOR LEAVE TO AMEND COMPLAINT**

During a status conference on January 26, 2007, having been informed by the Trustee of his intention to seek leave to amend his complaint in this adversary proceeding, the Court granted the Trustee through February 9, 2007, to file a motion for that purpose.  On February 9th, the

Trustee filed the **Trustee's Motion for Leave to Amend Complaint**. Thereafter, the Court entered a scheduling order, took briefs from the parties, and on March 20, 2007, held a hearing on the matter.

The Trustee seeks leave to amend the original complaint to (a) add to existing counts against the defendants Cloverleaf and Growth for transfers made by the Debtor in March 2003[1]; and (b) add against defendants Eagle Crest, Cloverleaf, and Growth causes of action for avoidance and recovery (1) under section 547 and 550 of the Bankruptcy Code of transfers made within 90 days prior to the involuntary bankruptcy petition date by the Debtor to its affiliate CTS Management, LLC ("CTS") for the benefit of Eagle Crest, Cloverleaf, and Growth, respectively; and (2) under section 549 and 550 of the Bankruptcy Code, of transfers made after the involuntary petition date by the Debtor to CTS for the benefit of Eagle Crest, Cloverleaf, and Growth, respectively.

Rule 15(a) of the Federal Rules of Civil Procedure, made applicable to actions in Bankruptcy by Rule 7015 of the Federal Rules of Civil Procedure, requires that when a motion to amend is brought after a responsive pleading is filed, the amendment may be made "only by leave of the court." Fed. R.Civ.P. 15(a). While leave to amend shall be "freely given by the court when justice so requires (Baker O'Neal Holdings, Inc. v. Ernst & Young LLP, 2004 U.S. Dist. LEXIS 6277 (S.D.Ind.2004)), the Supreme Court, in Foman v. Davis, 371 U.S. 178 (1962), stated the grounds for denying this relief include (1) undue delay, (2) bad faith, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice, and (5) futility.

The Defendants argue that the new counts pursuant to section 547 and 549 in the

---

[1] The Defendants did not object to this portion of the proposed amended complaint.

proposed amendment would be subject to dismissal for being time-barred and the amendment would, therefore, be futile.  Specifically, the Defendants state that while the Trustee's original complaint alleged that "OneStar made no effort to require CTS, IceNet or any other affiliate to share the cost of the Leases," the new counts of the Trustee's proposed amended complaint allege that OneStar "transferred to CTS certain funds (the "CTS/Growth Payments") for the purpose of having CTS transfer such finds to Growth in payment of rent obligations owing to Growth by OneStar."  Because there are no payments alleged between CTS and Growth in the original complaint, the Defendants argue, the proposed counts cannot possibly relate to any conduct, transaction, or occurrence previously alleged in this case.  This argument is grounded in Fed.R.Bankr.P. 7015, which states that, in order to relate back to the original complaint the new claim "asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleadings ...."  If found not to relate back to the original complaint, the new counts would be time-barred under sections 546 and 549, and leave to amend the complaint to include these new counts would be futile.

The Trustee counters that both of the new counts arise out of the same conduct, transaction, or occurrence alleged in the earlier complaint, namely payments made on account of the Debtor's lease with Growth, satisfying the Rule 7015 test. Furthermore, it is well settled in the Seventh Circuit that "the Federal Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.  To this end, amendments pursuant to Rule 15(c) should be freely allowed." Staren v. American Nat. Bank & Trust Co., 529 F.2d 1257, 1263 (7th cir.1976).

3

In considering a motion to amend, the issue is whether the original complaint gave the defendant adequate notice of what must be defended against in the amended complaint. In re Barnes, 96 B.R. 833, 836 (Bankr.N.D.Ill.1989).  Where, as here, there is a "series of transfers, it is necessary that the court examine whether the events are linked by some underlying conduct or transaction, so that the defendant may fairly be charged with notice that the plaintiff might amend his complaint to allege another event in the series after conducting discovery, or whether each event is truly an independent transaction."  In re Bennett Funing Group, Inc., 275 B.R. 447, 451 (Bankr.N.D.N.Y.2001).  Accordingly, the test under Rule 15(c) is "whether the evidence with respect to the second set of allegations could have been introduced under the original complaint, liberally construed."  In re Gerardo Leasing, Inc., 173 B.R. 379, 388, (Bankr.N.D.Ill.1994) (quoting In re Kruszynski, 150 B.R. 209, 212 (Bankr.N.D.Ill.1993)(quoting Barnes, 96 B.R. at 836 (relying on Gelling v. Dean, 11 B.R. 542, 545 (9th Cir. BAP 1981)))).  If, however, an amendment "states a new claim based on a materially different set of facts than the original claim, the amendment does not relate back." In re Gerardo,173 B.R. at 389 (citing In re Kruszynski, 150 B.R. at 212).

In the original complaint, the Trustee sought to avoid all transfers made under the Growth lease.  The allegations underpinning the new counts, that the Debtor caused funds to be moved to an intermediary (CTS) to be transferred to Growth in satisfaction of obligations under the Growth lease, do not, at this time, seem to the court to be sufficiently different from the facts alleged by the Trustee in the original complaint as to surprise the Defendant as to the conduct which it must defend in the lawsuit.  Rather, the Court finds that a sufficient factual nexus exists between the facts alleged in the proposed amended complaint and those underpinning the

4

allegations in the original complaint, liberally construed, to warrant leave for the Trustee to amend. Furthermore, as the Trustee points out, after the close of discovery, the Defendants will be free to argue that the claims asserted in the amended complaint were not part of the same conduct, transaction, or occurrence and that, therefore, the claims do not relate back. At this point, however, the Court must give the Trustee the benefit of the doubt when determining whether the new counts are subject to dismissal and therefore futile.

Accordingly, the Court finds that the **Trustee's Motion for Leave to Amend Complaint** should be, and hereby is, **GRANTED**.

###

Distribution:

Chapter 7 Trustee
Counsel for Chapter 7 Trustee
Counsel for the Defendants